UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X   NOT FOR PUBLICATION

Consul RA MAA NU AMEN BEY, Trustee -
RHK Holding, Lien Claimant, Authorized
Representative, Natural Person, In Full Life,
In Propria Persona, Sui Heredes, Sui Juris, Ex
Relatione: [CONSUL RA MAA NU AMEN BEY
& RHK HOLDING],

                           Plaintiff,          **MEMORANDUM & ORDER**
-against-                                      13 CV 2891 (ENV)

MICHAEL R. BLOOMBERG, Agent for City of
New York, Inc.; DAVID M. FRANKEL, Agent for
New York Department of Finance, Inc.,
JOHN DOE 1-10,

                           Defendants.
-----------------------------------------------------------X
**VITALIANO, D.J.,**

On May 16, 2013, plaintiff Consul Ra Maa Nu Amen Bey ("plaintiff" or "Bey"), appearing *pro se*, filed this action titled "Writ of Abuse of Process" against defendants along with an order to show cause to prevent defendants "from selling a void tax lien." This is plaintiff's second action in this Court. On March 11, 2013, plaintiff filed a *pro se* action seeking to set aside a judgment of foreclosure issued by the Supreme Court of the State of New York, County of Queens, for property located in Queens County. See Bey v. Supreme Court of the State of New York, et al., No. 13 CV 1720 (ENV) (pending). Plaintiff paid the filing fee to commence this action and invokes the Court's federal question and diversity jurisdiction. The order to show cause is denied and the action is dismissed as set forth below.

## BACKGROUND

While mostly couched in jargon related to plaintiff's assertion of being "Aborginal

Indigenous Moorish-American," see generally Writ of Abuse of Process, plaintiff seeks to prevent the sale of a tax lien issued against RHK Holding for arrears in property tax, water and/or sewer and other property related charges against property owned by RHK Holding in the amount of $59,211.75. See Plaintiff's Writ of Abuse of Process, Affidavit of Fact, Exhibit F ("New York City Department of Finance, Final Notice, 10 Day Notice of Intention to Sell Tax Liens dated April 30, 2013").

## STANDARD OF REVIEW

In reviewing plaintiff's submission, the Court is mindful that, "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal quotation marks omitted). A complaint must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim will be considered "plausible on its face" "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

However, if the Court "determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); accord Cave v. East Meadow Union Free School Dist., 514 F.3d 240, 250 (2d Cir. 2008). Furthermore, if the Court determines that the action is frivolous, the Court may dismiss the complaint *sua sponte* even if the plaintiff has paid the filing fee. Fitzgerald v. First East Seventh Street Tenants Corp., 221 F.3d 362, 363-64 (2d Cir. 2000) *(per curiam)*.

## DISCUSSION

A. <u>Pro Se Plaintiff Cannot Represent Holding Company</u>

At the outset, the Court finds that plaintiff cannot proceed in this matter as the tax lien was issued against RHK Holding and was not issued against Bey. Although federal law affords parties a statutory right to "plead and conduct their own cases, 28 U.S.C. 1654, that statute does not permit unlicensed laymen to represent anyone else other than themselves." <u>Lattanzio v. COMTA</u>, 481 F.3d 137, 139 (2d Cir. 2007) (internal quotation marks omitted); <u>Guest v. Hansen</u>, 603 F.3d 15, 20 (2d Cir. 2010) ("A person who has not been admitted to the practice of law may not represent anybody other than himself."); <u>Iannaccone v. Law</u>, 142 F.3d 553, 558 (2d Cir. 1998) ("[B]ecause *pro se* means to appear for one's self, a lay person may not represent a corporation or a partnership or appear on behalf of his or her own child."). As the tax lien was issued against RHK Holding, <u>see</u> Plaintiff's Writ of Abuse of Process, Affidavit of Fact, Exhibit A, D.-F , any matter related to RHK Holding must be brought by an attorney licensed to practice law. Because Bey does not allege that he is an attorney licensed to practice law, he cannot appear for RHK Holding. Accordingly, the complaint and the proposed order to show cause filed by Bey on behalf of RHK Holding are dismissed without prejudice.

B. <u>No Jurisdiction to Intervene in Tax Lien Sale</u>

However, even if plaintiff could appear on behalf of RHK Holding, this Court does not have jurisdiction to intervene in this local tax matter. The Tax Injunction Act ("TIA") provides that "[t]he district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." 28 U.S.C. § 1341; <u>see</u> <u>Long Island Lighting Co. v. Town of Brookhaven</u>, 889 F.2d

3

428, 431 (2d Cir. 1989) ("the Tax Injunction Act . . . prevents federal courts from giving injunctive relief or declaratory relief, as there is a plain, speedy and efficient remedy in state court . . .") (internal citations omitted)). New York affords a "plain speedy and efficient means to address constitutional challenges to state tax actions." Tully v. Griffin, Inc., 429 U.S. 68, 76-77 (1976). It is clear that plaintiff seeks "a federal-court ruling on a local tax matter," which is the type of suit the TIA is intended to prohibit. Bernard v. Vill. of Spring Valley, 30 F.3d 294, 297 (2d Cir. 1994). The Court offers no opinion as to the merits of any claim brought by RHK Holding in the proper state forum regarding the tax lien at issue.

## CONCLUSION

Accordingly, the action is dismissed as plaintiff cannot appear on behalf of RHK Holding and, in the alternative, the Court lacks jurisdiction over this local tax matter. Fed. R. Civ. P. 12(h)(3). The proposed order to show cause is denied. Any state law claims or claims on behalf of RHK Holding are dismissed without prejudice.

Although plaintiff paid the filing fee to commence this action, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962). The Clerk of Court is directed to close this case and enter judgment.

SO ORDERED.

s/ ENV

ERIC N. VITALIANO
United States District Judge

Dated: Brooklyn, New York
May 17, 2013